IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:07-CR-209 |
| | : | |
| v. | : | |
| | : | |
| WOODY GRIER | : | Judge Sylvia H. Rambo |

**MEMORANDUM**

Before the court is Defendant Woody Grier's Motion for Compassionate Release and Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 83.) For the reasons outlined below, the motion will be granted.

**I.    BACKGROUND**

In May 2007, a grand jury indicted Mr. Grier for possession with intent to distribute 5 grams or more of cocaine base in violation of 21 USC § 841(a)(1). (Doc. 1.) Mr. Grier pleaded guilty to the offense, and in November 2008, the court sentenced him to 235 months of incarceration followed by 48 months of supervised release. (Doc. 54.) In March 2019, the court granted a motion by Mr. Grier for reduction of sentence under Section 404 of the First Step Act and reduced his sentence to 188 months. (Doc. 75.) He is presently incarcerated at FMC Devens and is projected to be released in March 2023. (Doc. 88, p. 4.)

Mr. Grier has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) requesting a reduction in sentence to time served based on his medical

1

conditions, the dangers presented by the COVID-19 pandemic, and his efforts at rehabilitation. The government filed a brief in opposition to the motion and Mr. Grier filed a reply. (Docs. 88, 92.) The matter is thus ripe for resolution.

## II. STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may move the sentencing court to reduce his or her term of imprisonment. To do so, the defendant must first request that the Bureau of Prisons file such a motion on his or her behalf, and may only move after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"18 U.S.C. § 3582(c)(1)(A).

If the defendant complies with this exhaustion requirement, the court may reduce his or her term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that extraordinary and compelling reasons warrant such a reduction, and that the reduction is consistent with the applicable policy statements by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Under the Sentencing Commission's relevant policy statement, the court must also find that the defendant is not a danger to the safety of any person or the community as provided in 18 U.S.C. § 3142(g). USSG § 1B1.13.2. Medical conditions that qualify as "extraordinary and compelling reasons" include:

> (1) suffering from a serious physical or medical condition,
> (2) suffering from a serious functional or cognitive impairment, or
> (3) experiencing deteriorating physical or mental health because of the aging process
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(ii).

Under 18 U.S.C. § 3553(a), the court considers multiple factors, including, among other things, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed…to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed…to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The burden rests with the defendant to show that a reduction in sentence is proper. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

### III. DISCUSSION

The court finds that Mr. Grier meets the requirements of the compassionate release statute, and his sentence will therefore be reduced to time served together with a special term of supervised release. A person seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) must first "fully exhaust[] all administrative rights

3

to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The exhaustion of administrative remedies requirement allows the Bureau of Prisons an opportunity to review and exercise its authority in an area that it directly regulates, as well as promotes speedy resolution by constructing a record for judicial review. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Mr. Grier has sufficiently exhausted his administrative remedies for purposes of the compassionate release statute. Mr. Grier filed a request for compassionate release with the warden of his institution based on his medical conditions that specifically cites his diabetes and obesity and the fact that he is confined to a wheel chair, and the warden's response makes clear that she also considered the fact Mr. Grier had already been exposed to and contracted COVID-19. (*See* Doc. 84-2, p. 2 of 2.) The Bureau of Prisons thus had a fair opportunity to consider all of the relevant circumstances presented in Mr. Grier's motion, which in turn satisfies the purpose of the exhaustion of remedies requirement such that it would be superfluous to require Mr. Grier to submit a new request specifically citing his potential future risk of re-infection. *Cf. Waiters v. Parsons*, 729 F.2d 233, 237-38 (3d Cir. 1984).

Mr. Grier has also demonstrated extraordinary and compelling circumstances justifying compassionate release based on his medical conditions and associated risk of severe illness from COVID-19, his institution's past and present experience with the virus, and his substantial rehabilitation efforts. Mr. Grier is 52 years-old and suffers from uncontrolled type 2 diabetes, obstructive sleep apnea, hypertension, anemia, hyperlipidemia, edema, and osteoarthritis of the hip. (*See* Doc. 86, pp. 1, 14-15, 31, 46, 59, 64-65, 94.) He is also morbidly obese with a body mass index of 64.6, and as a result, he requires routine mobility training. (*Id.* pp. 1-2, 5, 9-10, 56, 72, 88-89.) Mr. Grier requires a wheelchair for sitting, a walker for walking, and a continuous positive airway pressure machine for sleeping. (*Id.* pp. 9, 14, 88-89.) In addition, Mr. Grier has a history of leg ulcers and chronic wounds, and in 2019 he was admitted to an outside hospital to treat maggots in his wounds. (*Id.* pp. 15-17, 19-20, 45, 58-59, 64-65, 86, 97.)

Several of Mr. Grier's conditions, including morbid obesity, diabetes, and hypertension, have been recognized by the Centers for Disease Control and Prevention as COVID-19 comorbidities. *See* Centers for Disease Control and Prevention, COVID-19, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html ("The risk of severe COVID-19 illness increases sharply with elevated BMI."). FMC Devens currently reports two COVID-19 infected

inmates, 375 prior infections among inmates, 63 prior infections among staff members, and 11 inmate deaths due to the virus. *See* Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus. As is evident from these numbers, prisons are poorly suited for social distancing and incarcerated persons generally face a heightened of contracting the virus. *See United States v. Pitt*, No. 1:97-CR-108-01, 2020 WL 4677251, at *2 (M.D. Pa. Aug. 12, 2020) (Rambo, J.); *United States v. Somerville*, 463 F. Supp. 3d 585, 598 (W.D. Pa. 2020) ("Even under normal circumstances, '[p]risons are tinderboxes for infectious disease.'") (quoting *United States v. Rodriguez*, 451 F. Supp. 3d 392, 394 (E.D. Pa. 2020)). Mr. Grier's serious health conditions together with the risks associated with COVID-19 support compassionate release.

The government's argument that Mr. Grier is not susceptible to a dangerous COVID-19 infection because he has already contracted and recovered from the virus is without support in the record. To the best of the court's knowledge, people that have contracted COVID-19 may be at risk for reinfection given the emergence of multiple variants of the virus and the unknown length of antibody protection. *See generally United States v. Anderson*, No. 2:07-CR-96, 2021 WL 53122, at *3 (E.D. Cal. Jan. 6, 2021) ("[G]iven the scientific uncertainty surrounding COVID-19, and defendant's risk of reinfection while incarcerated, this court finds defendant can still show 'extraordinary and compelling reasons' exist despite his recovery [from prior

6

infection]."); *United States v. Secchiaroli*, No. 17-CR-179, 2021 WL 614632, at *6 (W.D.N.Y. Feb. 17, 2021) (granting motion for compassionate release in part due to the defendant's risk of re-infection); *United States v. Jones*, No. 13-CR-252, 2021 WL 1060218, at *4 (W.D. Pa. Mar. 18, 2021) ("A person who previously contracted COVID-19 may recontract . . . COVID-19 with either the same strain of the virus or a variant of the strain with which he or she was previously reinfected."). The government presents no evidence to the contrary and, if anything, Mr. Grier's prior infection at FMC Devens only underscores the danger he would continue to face going forward.

Mr. Grier's substantial efforts at rehabilitation further support compassionate release. During Mr. Grier's confinement, he has completed several educational courses including in the areas of drug education, mental health, general science, business leadership, Spanish, and plumbing. (Doc. 84-3.) Most importantly, after more than a decade of incarceration, Mr. Grier has a clean prison record. (Doc. 84, p. 7; Doc 84-3.) These strong rehabilitation efforts weigh in favor of extraordinary and compelling circumstances. *See Rodriguez*, 451 F. Supp. 3d at 405 (finding extraordinary and compelling circumstances in part due to the defendant's post-offense rehabilitation and noting that "rehabilitation alone would not constitute an extraordinary and compelling reason. But the qualifier 'alone' implies that rehabilitation can contribute to extraordinary and compelling reasons. That is how

the Commission has understood the statute") (citing U.S.S.G. § 1B1.13 cmt. n.3 ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.")); *United States v. Poole*, No. 2:02-CR-20026, 2020 WL 4192280, at *6 (W.D. Tenn. July 14, 2020) ("Poole's rehabilitation is a consideration. During his time in prison, Poole has had no incident reports and has made strong rehabilitation efforts. This weighs in favor of relief.") (citing *Rodriguez; United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019) ("[A]lthough 'rehabilitation. . .is not, by itself, an extraordinary and compelling reason,' the Commission implies that rehabilitation may be considered with other factors.") (quoting U.S.S.G. § 1B1.13 cmt. n.3)). Mr. Grier has thus shown extraordinary and compelling circumstances based on his health conditions, his risk of severe illness from COVID-19, and his demonstrative rehabilitation over the course of his confinement.

In addition, Mr. Grier has demonstrated that the 3553(a) factors justify a reduction in sentence and that further incarceration is not necessary to protect the public from further crimes. The nature of Mr. Grier's offense was serious but non-violent. His crime did not involve especially large quantities of drugs, and it occurred more than 14.5 years ago. Mr. Grier has also served—commendably—more than 12.4 years in jail, or around 80% of his total sentence, in order to atone for his crime. Under the circumstances, that extended period of incarceration is sufficient to reflect

the seriousness of the offense, provide just punishment and adequate deterrence, and promote respect for the rule of law.

Finally, Mr. Grier also does not present a danger to the community and additional incarceration is not necessary to protect the public. Mr. Grier's risk of recidivism is minimal given his age, lack of violent history, and his significant efforts at rehabilitation and clean prison record. Further, Mr. Grier will serve an additional 48-months of supervised release in accordance with his initial sentence.

### IV. CONCLUSION

For the reasons outlined above, Defendant Woody Grier's motion for compassionate release will be granted and the court will reduce his sentence to time served. An appropriate order shall follow.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: May 10, 2021